## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2017, 8:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony M. Rose
Anthony Rose Law Firm
South Bend, Indiana

ATTORNEY FOR APPELLEES

Mark F. James
Anderson, Agostino & Keller P.C.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Adoption of K.D.,

B.D.,

*Appellant-Respondent,*

v.

W.D. and D.D.,

*Appellees-Petitioners.*

February 9, 2017

Court of Appeals Case No. 71A03-1605-AD-1053

Appeal from the
St. Joseph Probate Court

The Honorable
James N. Fox, Judge

Trial Court Cause No.
71J01-1410-AD-93

**Kirsch, Judge.**

[1] B.D. ("Father") appeals the trial court's order granting the petition for adoption of K.D. filed by W.D. and D.D. (together, "the Grandparents"). Father raises the following restated issue for our review: whether the trial court erred when it

concluded that Father's consent to the adoption was not required because he knowingly failed to provide for the care and support of K.D. when he was able to do so.

[2] We affirm.

## Facts and Procedural History

[3] Father and H.D. ("Mother") were married and had one child together, K.D., who was born on October 23, 2005. On August 4, 2005, Father was incarcerated for a sexual misconduct with a minor conviction and was released on parole on October 24, 2011. Father was again incarcerated on January 31, 2012 for a parole violation, and his anticipated release date is in September 2018. Sometime after Father became incarcerated, the marriage between Mother and Father was dissolved; as a result of the dissolution, a child support order was entered in Cause Number 20D01-0901-DR-9.

[4] W.D. and D.D. are the maternal grandparents of K.D. On November 5, 2014, the Grandparents filed a petition for adoption, seeking to adopt K.D. Mother consented to the adoption, and her consent was attached to the petition. The Grandparents asserted that Father's consent was not required because Father had failed to provide support for K.D. for over one year when he had the ability to do so. *Appellant's App*. at 12.

[5] Between September 2013 and August 2015, while incarcerated, Father earned approximately $53.00 per month through inmate employment at the prison facility in which he was housed. At the time of the evidentiary hearing, Father

had $53.97 in his inmate trust account, which is also called a JPAY account. A review of the JPAY account showed that Father had used funds from the account for purchases from Papa John's Pizza and Kentucky Fried Chicken as part of prison fundraisers. *Pet'r's Ex.* 1.

[6] During Father's first period of incarceration, he made payments toward the child support order for K.D. through an Income Withholding Order. After Father returned to prison in 2012, Father's JPAY account was debited for child support payments through an Income Withholding Order. Father would occasionally review his JPAY account and observed that these payments were being routinely taken out of the account. In addition to his obligation for K.D., Father had a second child support obligation for another child that lived in another state. The JPAY transaction history indicated that money was being withheld for child support payments, but did not identify to which child support case the money was being applied. Father testified that he thought the child support payments being taken from his JPAY account were being given to both of his children. *Tr.* at 63. In October 2015, Father became aware that the child support deductions from his JPAY account were being applied to his other child and not to K.D. Around the time the petition for adoption was filed, Father began to mail child support payments to the Indiana Child Support Collection Unit to be applied to his child support obligation for K.D.

[7] An evidentiary hearing was held on the Grandparents' adoption petition on January 25, 2016. After taking the case under advisement, the trial court

granted the Grandparents' petition for adoption, finding that Father had the ability to provide support for K.D. and failed to do so. Father now appeals.

## Discussion and Decision

[8] When reviewing a trial court's ruling in an adoption case, the appellant bears the burden of overcoming the presumption that the trial court's decision is correct. *In re Adoption of S.W.*, 979 N.E.2d 633, 639 (Ind. Ct. App. 2012) (citing *In re Adoption of A.S.,* 912 N.E.2d 840, 851 (Ind. Ct. App. 2009), *trans. denied*). We will neither reweigh the evidence nor judge the credibility of witnesses; instead, we will consider the evidence most favorable to the trial court's decision, and the reasonable inferences to be drawn therefrom, to determine whether sufficient evidence exists to sustain the decision. *Id.* We will not disturb the trial court's ruling unless the evidence leads to only one conclusion and the probate court reached an opposite conclusion. *Id.*

[9] Father argues that the trial court erred in determining that his consent to the adoption was not required and in granting the Grandparents' petition for the adoption of K.D. He contends that the evidence presented was not sufficient to support the conclusion that he *knowingly* failed to provide for the support of K.D. Father claims that he believed that child support withholdings from his JPAY account were being applied to his child support obligation for K.D. He further asserts that the transaction history for his JPAY account did not contain enough information to determine the specific case, K.D.'s or his other child's,

to which the withholdings were applied and that he believed that payments were being paid to both children.

[10] Parental consent is generally required to adopt a child in Indiana. Ind. Code § 31-19-9-1. However, consent to adoption is not required from:

> A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
> (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
>
> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

Ind. Code § 31-19-9-8(a)(2). "If a parent has made only token efforts to support or to communicate with the child the court may declare the child abandoned by the parent." Ind. Code § 31-19-9-8(b). The petitioner bears the burden to prove this by clear and convincing evidence. *In re Adoption of M.S.*, 10 N.E.3d 1272, 1279 (Ind. Ct. App. 2014).

[11] We do not address Father's argument regarding whether he knowingly failed to provide for the support of K.D. when able to do so because we affirm the trial court's judgment based on Father's failure to communicate significantly with K.D. when able to do so. At the hearing on the Grandparents' petition, Father testified that he was in prison at the time that K.D. was born and had never had any direct contact with her. *Tr.* at 43-44. K.D. was ten years old at the time of the hearing. Father additionally testified that he "periodically" sent letters and

cards to K.D., and there was no testimony when the most recent correspondence had been sent. *Id*. at 46. There was also testimony that Father never sent gifts or clothing to K.D. *Id*. at 16, 23-24.

[12] Indiana Code section 31-19-9-8(a)(2) is written in the disjunctive—consent of the parent is not required where either failure to communicate significantly *or* failure to provide support is established. *In re Adoption of S.W.,* 979 N.E.2d at 640. Furthermore, we may affirm a trial court order on any basis supported by the record. *Wishard Mem'l Hosp. v. Kerr,* 846 N.E.2d 1083, 1093 (Ind. Ct. App. 2006). Here, because there was no evidence presented at the hearing that Father has sent K.D. any gifts or correspondence or otherwise communicated significantly with her when he was able to do so, we conclude that the trial court did not clearly err when it found that Father's consent was not required and granted the Grandparents' petition to adopt K.D. *See In re Adoption of T.W.,* 859 N.E.2d 1215, 1218 (Ind. Ct. App. 2006) (trial court did not clearly err by concluding that incarcerated father failed, without justifiable cause, to communicate significantly with his children, when the record did not demonstrate that father actually tried to write to the children or telephone them, and father's argument that his attempts at communication would have been thwarted was speculative); *Williams v. Townsend,* 629 N.E.2d 252, 254 (Ind. Ct. App. 1994) (occasional letter or card sent to child from incarcerated parent and one telephone conversation with child was "token communication" that was properly disregarded by trial court when determining that parent's consent to adoption was not required).

Affirmed.

Robb, J., concurs.

Barnes, J., concurs in result without separate opinion.